FILED

THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE OF FLORIDA
TAMPA

2017 FEB 13 PM 2:53

Charles A. Beisel IV
Plaintiff,

v. Case # 8:17-cv-00051-VMC-TBM

Honorable Jack Espinosa Jr.
Hillsborough County
City of Tampa
Defendants,

(Amended complaint)

1. The above defendants are named in individual and official capacity. This civil action encompasses defendants 1-3 as a whole and individually or severally in each and every allegation set forth herein.

2. This Honorable and Very patient court has original, and supplemental jurisdiction over this matter pursuant to 42 U.S.C § 1983 and 1988, and 28 U.S.C. § 1331,1332,1343, and 42 U.S.C. §12131-12134 and 29 U.S.C. 701-794 and 28 CFR part 35 and F.S. 456.065 and 28 U.S. Code § 1367.

3. Charles A. Beisel IV is a citizen and resident of the City of Tampa, Hillsborough County, State of Florida, and the United States of America.

4. Charles A. Beisel IV sues defendants in their official and individual capacities.

5. At all times referred to herein the defendants acted under the color of laws, statutes, ordinances, policies, customs, and usages of the state of Florida and the City of Tampa in Hillsborough County.

6. Plaintiff Charles A. Beisel begs for charges, and/or attention from The Attorney General and/or a JQC investigation as this court deems fair under the circumstances.

7. Plaintiff "qualifies" under the Americans with Disabilities Act pursuant to ADA. 42 U.S.C. § 12114(b)(1),(2), and 42 U.S.C. 12131 and 29 U.S.C. 701-794 and 28 CFR part 35.

8. Plaintiff is a defendant in the 13th Judicial Circuit Court of Hillsborough County, in the Municipality of Tampa Florida in case # 15-DP-1112.

9. Plaintiff is entitled to relief/redress pursuant to A.D.A. Title II section 501, 504; 29 U.S.C. 701-794; 42 U.S.C section 1983; Civil Rights Act of 1964; 42 U.S.C. 12131-12134; 28 CFR part 35; F.S. 456.065 and F.S. 766.103, 766.105.

10. All defendants who may have any degree of immunity are referred to or charged as medical professionals, as they review and interpret medical records, physical injuries, and make the decision of medication needs, what kind, who can take it, who needs or does not need medication, And makes the legal decision of medical treatment; or the defendants may also be referred to or charged as investigators and/or detectives for the Hillsborough County Sheriff's Office, and/or Tampa Police Department.

**Facts:**

1.) On 7-16-2016 plaintiff received a medical examination from Deborah M Repaskey MD, to which the physicians treatment was ordered/decided by Honorable Jack Espinosa Jr. not to be followed by Charles A. Beisel IV, enforced by contempt if the plaintiff followed the medical treatment prescribed by Deborah M Repaskey MD, which took place in drug court proceedings on 8-4-2016, presided over by Honorable Jack Espinosa Jr., in the 13th Circuit Court of Hillsborough County, under The City of Tampa.

2.) Plaintiff states that the 13th Judicial Circuit contains an entity entitled "Drug Court", that segregates individuals who suffer from perceived substance abuse disabilities, or that are in recovery from a disability, or perceived disability, and/or in any group or category that is segregated from other courts, based on disability.

3.) Honorable Judge Jack Espinosa Jr. sought reprisal and/or punitive sanctions for a 5th amendment assertion by Charles A. Beisel IV during dependency proceedings on 12-8-2016 in Judge Espinosa's court room.

4.) Honorable Judge Jack Espinosa Jr. did, in dependency proceedings in his courtroom, review, and/or interpret the medical documents (records of Dr. Diaz, and Repaskey) of Charles A. Beisel IV, in and directly related to the order/decision under penalty of contempt, that Charles A. Beisel IV not follow medical treatment by Deborah M Repaskey, MD and order Mr. Beisel to not take any narcotics, and failed to refer Mr. Beisel to any alternative treatment on 8-4-2016.

5.) Honorable Jack Espinosa, Judge of Dependency Drug Court, Presides over Charles A. Beisel IV in case # 15-DP-1112 in the 13th Judicial Circuit Court in Hillsborough County in Tampa Florida. This Judge and court permits "Medication Assisted Therapy" which permits the participants in Drug Court to take narcotic medication.

**Allegations:**

1.) Plaintiff alleges that Honorable Jack Espinosa Jr. has violated Federal Law, during the participation of Charles A. Beisel IV in the government entity "Drug Court" program, On 8-4-2016 Honorable Jack Espinosa Jr. did compel by threat of contempt, Charles A. Beisel IV to not take the medication prescribed by Deborah M Repaskey MD, furthermore Judge Espinosa ordered that Mr. Beisel "not take any narcotics". These circumstances and actions deny Equal Protection of the Law, and show reckless indifference to Due Process regarding Mr. Beisel by way of affording other participants in drug court who are permitted medical treatment an unfair advantage over participants who are not permitted medical treatment, be it by way of referral to a physician by the court, the lack thereof, or if the participant receives this treatment through other means or circumstances, it is then deemed unlawful or not permitted.

2.) Charles A. Beisel IV is oppressed, and discriminated against by way of not being treated similar, to similarly situated participants of the Drug Court program, by Judge Espinosa's perceived groups or categories of participants treated by a physician and permitted by Judge Espinosa, in Drug Court to take narcotic medication.

3.) Charles A. Beisel IV cites his constitutional and/or Federally protected civil/statutory rights/liberties to be free from segregation/discrimination, and asserts that plaintiff is segregated from other individuals in the 13th Judicial Circuit Court("drug court"), based on disability or perceived membership in a group or category.

4.) On 12-8-2016 Charles A. Beisel IV participated in drug court in the 13th Circuit Court of Hillsborough County under The City of Tampa, to which dependency proceedings were presided over by Honorable Jack Espinosa Jr., and upon the courts finding of full compliance of Mr. Beisel, The Honorable Jack Espinosa Jr. did in fact yell at the plaintiff "You do not have a 5th amendment right" after the question asked by the Judge, directed to Mr. Beisel "Where is you're wife?" To which Mr. Beisel was in fear of any implications from his personal knowledge of a warrant that his legal wife(Elizabeth Rene Leeper) was issued by Judge Espinosa, Charles A. Beisel IV asserted a 5th amendment liberty, and then Immediately within 30 seconds that the 5th amendment was cited by Mr. Beisel, Judge Espinosa did in fact revoke unsupervised visitation with S.R.B.(daughter) from Mr. Beisel(Father) that was ordered by Judge Espinosa on 11-3-2016. This revocation was a direct result for Charles A. Beisel IV citing his 5th amendment right, and was intended to be punitive, and/or reprisal.

5.) Plaintiff asserts that defendant, Honorable Jack Espinosa Jr., of Hillsborugh County Dependency Drug Court made determinations of medical treatment based on medical records/documents/history on 8-4-2016, and by reviewing this medical information through interpretation, and/or making referrals as to what medical treatment is required, or what type of practice a physician is categorized under is proper for medical referral of a person in need of medical treatment, then requires these individuals who are "Decision Makers" to have a medical license to practice internal medicine, violating F.S. 456.065

6.) Plaintiff alleges that Honorable Jack Espinosa Jr. gave Medical Advice contrary to Deborah M Repaskey MD's Medical Advice, and individual treatment, depriving Charles A. Beisel IV of any medical treatment, and gave advice directed toward the merits of the perceived illness, or lack thereof. The acts described above are in violation of F.S. 456.065.

7.) Plaintiff alleges he has been treated in a cruel, and oppressive manner, recklessly indifferent to his Federally Protected rights as cited in this complaint. Charles A. Beisel IV asserts malicous indifference to Federal Law, through Judge Jack Espinosa permitting one perceived group or category of drug court participants to be treated by a physician and take narcotics, while Mr. Beisel is not being permitted by Judge Espinosa to follow the treatment of a physician (Deborah M Repaskey, MD), (treatment that included narcotic medication) is not only cruel and unusual, but in violation of Federal Law and/or civil/statutory rights of Charles A. Beisel IV as cited in this complaint.

**Charges:**

1.) As to allegation #1, Plaintiff charges violations of 4th, 5th,8th, and 14th amendments, and The Americans with Disabilities Act Title II , A.D.A. Title II section 501, 504; 29 U.S.C. 701-794; Civil Rights Act of 1964; 42 U.S.C. 12131-12134 and 28 CFR part 35 and F.S. 456.065 and F.S. 766.103, 766.105.

2.) As to allegation #2, Plaintiff charges violations of 4th, 5th,8th, and 14th amendments, and The Americans with Disabilities Act Title II , A.D.A. Title II section 501, 504; 29 U.S.C. 701-794; Civil Rights Act of 1964; 42 U.S.C. 12131-12134 and 28 CFR part 35 and F.S. 456.065 and F.S. 766.103, 766.105.

3.) As to allegation #3, Plaintiff charges violations of 4th, 5th,8th, and 14th amendments, and The Americans with Disabilities Act Title II , A.D.A. Title II section 501, 504; 29 U.S.C. 701-794; Civil Rights Act of 1964; 42 U.S.C. 12131-12134 and 28 CFR part 35 and F.S. 456.065 and F.S. 766.103, 766.105.

4.) As to allegation #4, Plaintiff charges violations of 4th, 5th,8th, and 14th amendments, and The Americans with Disabilities Act Title II , A.D.A. Title II section 501, 504; 29 U.S.C. 701-794; Civil Rights Act of 1964; 42 U.S.C. 12131-12134 and 28 CFR part 35 and F.S. 456.065 and F.S. 766.103, 766.105.

5.) As to allegation #5, Plaintiff charges violations of 4th, 5th,8th, and 14th amendments, and The Americans with Disabilities Act Title II , A.D.A. Title II section 501, 504; 29 U.S.C. 701-794; Civil Rights Act of 1964; 42 U.S.C. 12131-12134 and 28 CFR part 35 and F.S. 456.065 and F.S. 766.103, 766.105.

6.) As to allegation #6, Plaintiff charges violations of 4th, 5th,8th, and 14th amendments, and The Americans with Disabilities Act Title II , A.D.A. Title II section 501, 504; 29 U.S.C. 701-794; Civil Rights Act of 1964; 42 U.S.C. 12131-12134 and 28 CFR part 35 and F.S. 456.065 and F.S. 766.103, 766.105.

7.) As to allegation #7, Plaintiff charges violations of 4th, 5th,8th, and 14th amendments, and The Americans with Disabilities Act Title II , A.D.A. Title II section 501, 504; 29 U.S.C. 701-794; Civil Rights Act of 1964; 42 U.S.C. 12131-12134 and 28 CFR part 35 and F.S. 456.065 and F.S. 766.103, 766.105.

As a result of the defendants acts described in this complaint, plaintiff has suffered, and continues to suffer irreparable damage to his relationship with his daughter, Due Process in case # 15-DP-1112, physical pain and suffering through not having access to medical care by a physician, and severe mental and emotional anguish by suffering from undue hardships that ALL U.S. Citizens are entitled to by law.

As a direct and proximate result of the defendants actions as described above, Charles A. Beisel IV suffered special damages and will suffer additional special damages in the future in an amount that can not yet be determined.

The plaintiff asks for administrative sanctions/charges by JQC and/or The Attorney General/DOJ as this court deems fair under the circumstances.

Wherefore, the plaintiff prays for judgment against the defendants jointly, and or severally, for nominal, compensatory, declarative, injuctive, and punitive relief as the court deems fair under the circumstances.

Charlie Beisel [signature]

4823 E. Serena dr.
Tampa Florida 33617