**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**CHARLES A. BEISEL IV,**

    **Plaintiff,**

**v.**                                            **Case No. 8:17-cv-51-T-33TBM**

**JACK ESPINOSA, JR., et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on *pro se* Plaintiff, Charles A. Beisel IV's:

(1) **Application to Proceed Without Prepayment of Fees and Costs (Long Form)** (Doc. 16);

(2) **Application to Proceed Without Prepayment of Fees and Costs (Short Form)** (Doc. 17);

and (3) **Affidavit of Indigency** (Doc. 18), which the Court construes as a composite motion to

proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915(a).

For the reasons explained below, I find that the Amended Complaint (Doc. 10) fails to state a cognizable claim; therefore, I recommend that the Court deny Plaintiff's request to proceed *in forma pauperis* and dismiss this action.

**I.**

Pursuant to 28 U.S.C. § 1915(a)(1):

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

The statute also provides that "the court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue; or the action . . . is frivolous[1] or malicious; fails to state a claim on which relief may be granted;[2] or seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2).

The Federal Rules of Civil Procedure also inform review under § 1915. First, "a civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Federal Rule of Civil Procedure 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement ensures that the defendant is given fair notice of what the claim is and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). Therefore, "a complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008) (internal quotation marks and alterations omitted), abrogated on other grounds by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Twombly*, 550 U.S. 544. In addition, Rule 8 requires "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1).

---

[1] A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.*

[2] Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Fed. R. Civ. P. 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Under that standard, the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

2

Further, the allegations in the complaint "must be simple, concise, and direct," Fed. R. Civ. P. 8(d)(1), and the complaint must "state its claims ... in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

In conducting its review, the court must be mindful that *pro se* pleadings are to be construed liberally and held to a less stringent standard than pleadings drafted by attorneys. *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014) (citations omitted). Notwithstanding that standard, a *pro se* plaintiff is still "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

**II.**

On January 6, 2017, Plaintiff initiated this action, naming as defendants Honorable Jack Espinosa, Jr., City of Tampa, Hillsborough County, and Honorable Ronald Ficarrotta. (Doc. 1). He sued defendant judges in the Hillsborough County Circuit Court in their individual and official capacities and asserted jurisdiction pursuant to 42 U.S.C. §1983 and 28 U.S.C. §§ 1331, 1332, 1343, and the ADA, 42 U.S.C. § 12114(b)(1), (2). *Id.* at 1.

On Plaintiff's initial request to proceed *in forma pauperis*, I found Plaintiff failed to state any cognizable claim or to establish the Court's jurisdiction and recommended Plaintiff be afforded one opportunity to amend. (Doc. 9).

Plaintiff filed an Amended Complaint on February 13, 2017 (Doc. 10), and a supplement on February 17, 2017 (Doc. 12). In light of the filing of the Amended Complaint, the district judge adopted my previous report and recommendation in part and directed Plaintiff to file a renewed motion for leave to proceed *in forma pauperis* by March 16, 2017. (Doc. 14). On February 27, 2017, Plaintiff filed his instant composite motion to proceed *in forma pauperis*.

3

**III.**

While his Applications and Affidavit (Docs. 16, 17, and 18) reveal Plaintiff likely lacks the resources to pay the filing fee, I nonetheless find the Amended Complaint fails to allege sufficient facts to show Defendants violated his federal constitutional or statutory rights in order to state a claim upon which relief may be granted or sufficient to confer subject matter jurisdiction upon this Court.

By the Amended Complaint, Plaintiff asserts this Court has original and supplemental jurisdiction "pursuant to 42 U.S.C. § 1983 and 1988, and 28 U.S.C. § 1331, 1332, 1334, and 42 U.S.C. § 12131-12134 and 29 U.S.C. 701-794 and 28 CFR part 35 and F.S. 456.065 and 28 U.S. Code § 1367." (Doc. 10 at ¶ 2). He names as defendants Honorable Jack Espinosa, Jr., Hillsborough County, and City of Tampa "in their official and individual capacities." *Id.* at ¶ 4. He states that he is a defendant in a Hillsborough County "Drug Court" case, Case No. 15-DP-1112. He claims he was ordered by Judge Epinosa not to follow the prescribed medical treatment of Deborah M. Repaskey, M.D., and ordered "not to take any narcotics" under threat of contempt. *Id.* at 2. He alleges he is oppressed and discriminated against by not being treated similarly to participants of the Drug Court program, and that he is segregated based on disability or a perceived membership in a group or category. He further claims Defendants took reprisal against him for exercising his Fifth Amendment right, or, more particularly, that Judge Espinosa revoked his unsupervised visitation with his child in reprisal for his invocation of his Fifth Amendment right seemingly during a state-court proceeding. He alleges Judge Espinosa made medical treatment determinations and gave medical advice contrary to Florida law. And, he alleges that he has been subjected to cruel and oppressive treatment by not being permitted to follow the treatment of his physician, including the taking of narcotic medications. *Id.* at 2–3.

4

Plaintiff claims that each of these allegations amount to violations of the Fourth, Fifth, Eighth, and Fourteenth Amendments; Title II of the Americans with Disabilities Act; the Civil Rights Act of 1964; 29 U.S.C. 701-794 (the Rehabilitation Act of 1973); and Florida Statutes, §§ 456.065, 766.103, and 766.105. *Id.* at 3–4. He purports to seek sanctions by the JQC and/or the Attorney General or DOJ, as well as monetary, injunctive, and punitive relief. *Id.* at 4.

Upon my consideration, even though I have construed the Amended Complaint liberally in Plaintiff's favor, Plaintiff's allegations nevertheless fail to adequately allege any cognizable claim or demonstrate the Court's jurisdiction, and thus the Amended Complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).[3]

To say the least, Plaintiff's facts are disjointed and do not constitute a "short and plain statement."

Even in a light favorable to Plaintiff, his disjointed allegations and minimal facts do not support a claim pursuant to 42 U.S.C. § 1983 or under Title 42. Plaintiff fails to plead any ultimate facts to establish a constitutional violation cognizable in this Court.[4] Plaintiff appears to complain that he was ordered not to take certain narcotic medications while other participants in drug court were permitted to take medications. Plaintiff, however, fails to articulate

---

[3]Plaintiff has previously attempted to seek a writ of mandamus related to his medical treatment with Dr. Repaskey and the purported state court order that he not follow Dr. Repaskey's prescribed medical treatment. *See In re: Charles A. Beisel IV v. Hillsborough Cnty. Dependency Court et al.*, No. 8:16-cv-3468-T-27AEP. Plaintiff also previously attempted to raise a challenge to the rulings in his state court custody matter. *See In re: Charles A. Beisel IV v. Honorable Jack Espinosa*, *Jr.*, No. 8:16-cv-3467-T-17AEP. Both of these action were dismissed.

[4]"In order to state a cognizable claim under civil rights statute because of inadequate medical care, a[n] [individual] must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

5

cognizable constitutional or federal statutory violations arising from that order. His alleged Fifth Amendment violation, apparently arising from his refusal to tell the judge where his wife was, is inadequately alleged and appears wholly without merit as to his individual rights. His allegation that the judge gave medical advice likewise is inadequately pled to assert a cognizable claim in this Court. To the extent Plaintiff is attempting to assert a discrimination claim, he asserts wholly insufficient allegations of facts for the Court to even consider such claim.

In any event, Judge Espinosa is entitled to absolute judicial immunity from damages arising from those acts taken in his judicial capacity unless he acted in the clear absence of all jurisdiction. *Sibley v. Lando,* 437 F.3d 1067, 1070 (11th Cir. 2005). Whether an act is done within a judge's judicial capacity is determined by reference to "the nature of the act itself, *i.e.,* whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.,* whether they dealt with the judge in his official capacity." *Mireles v. Waco,* 502 U.S. 9, 12 (1991) (quotation omitted). By the allegations in the Amended Complaint, the complained of actions taken by Judge Espinosa were taken in his judicial capacity while presiding in "dependency drug court." (Doc. 10 at 2). To the extent Plaintiff contends Judge Espinosa acted in absence of jurisdiction, a judge does not act in the "clear absence of all jurisdiction" when he acts erroneously, maliciously, or in excess of his authority, but rather when he acts entirely without subject matter jurisdiction. *Dykes v. Hosemann,* 776 F.2d 942, 947–48 (11th Cir. 1985). That is not the case here.

Finally, with regard to the City of Tampa and Hillsborough County, it appears they were named as defendants solely because they are the locale in which the drug court proceedings occurred. Plaintiff asserts no allegations that even arguably support a violation by either entity.

In sum, even construing *pro se* Plaintiff's Amended Complaint liberally, I find Plaintiff fails to state any cognizable claim or to establish this Court's jurisdiction.

**IV.**

For these reasons, I **RECOMMEND** that the Court **DISMISS** the Amended Complaint (Doc. 10), **DENY** Plaintiff's construed motion to proceed *in forma pauperis* (Doc. 16, 17, 18), and direct the Clerk to terminate any pending motions[5] and to close the case.

> Respectfully submitted this
> 1st day of May 2017.
>
> _____
> THOMAS B. McCOUN III
> UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies to:
The Honorable Virginia M. Hernandez Covington, United States District Judge
Charles A. Beisel IV, *pro se*

---

[5]These include Plaintiff's amended motion to appoint counsel (Doc. 11), motion to enjoin state court proceedings (Doc. 13), and amended motion to appoint process server (Doc. 20).