UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES A. BEISEL, IV,

    Plaintiff,

v.                                  Case No: 8:17-cv-51-T-33TBM

JACK ESPINOSA, JR.,
CITY OF TAMPA, and
HILLSBOROUGH COUNTY,

    Defendants.
_____/

## ORDER

This matter comes before the Court upon consideration of United States Magistrate Judge Thomas B. McCoun III's Report and Recommendation (Doc. # 23), entered on May 1, 2017, recommending that Plaintiff Charles A. Beisel's construed renewed Motion for Leave to Proceed *in forma pauperis* (Doc. # 16-18) be denied and the case be dismissed. Beisel filed an objection on May 10, 2017. (Doc. # 25). For the reasons that follow, the Court accepts and adopts the Report and Recommendation, denies Beisel's Motion, and dismisses this action.

**I.    Background**

Beisel, proceeding pro se, initiated this action on January 6, 2017. (Doc. # 1). Beisel filed a construed motion

for leave to proceed *in forma pauperis* (Doc. # 2), which was referred to Judge McCoun. Judge McCoun subsequently entered a Report and Recommendation, recommending the motion for leave to proceed *in forma pauperis* be denied without prejudice and the Complaint be dismissed with leave to amend (Doc. # 9). Beisel filed an Amended Complaint on February 13, 2017. (Doc. # 10).

In light of the Amended Complaint, the Court adopted the Report and Recommendation in part, and directed Beisel to file a renewed motion for leave to proceed *in forma pauperis* by March 16, 2017. (Doc. # 14). Beisel filed two motions for leave to proceed *in forma pauperis* (Doc. ## 16-17) and an affidavit of indigency (Doc. # 18), which the Court construes as a composite Motion for Leave to Proceed *in forma pauperis*.

In his Amended Complaint, Beisel asserts claims against Defendants Judge Jack Espinosa, Jr., Hillsborough County, and the City of Tampa for violations of the Fourth, Fifth, Eighth, and Fourteenth Amendments, pursuant to 42 U.S.C. § 1983; Title II of the Americans with Disabilities Act; the Civil Rights Act of 1964; the Rehabilitation Act of 1973; and Florida Statutes, §§ 456.065, 766.103, and 766.105. (Doc. # 10 at 3-4). Essentially, Beisel complains Espinosa, a judge in the Thirteenth Judicial Circuit, in and for Hillsborough County,

Florida, violated Beisel's rights by ordering him not to follow his doctor's prescribed medical treatment and by revoking his unsupervised visitation with his child during a state "drug court" proceeding. This drug court proceeding is part of Beisel's participation in the Family Dependency Treatment Court, the goal of which is "[t]o stop substance abuse by parent(s) that threatens the safety and permanency of their dependent children." (Doc. # 12 at 4-6).

II. **Discussion**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's Report and Recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F.

3

Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994)(Table).

Here, Beisel objects only to the magistrate's conclusion that the Amended Complaint fails to state claims under the ADA, as well as the Fifth, Eighth, and Fourteenth Amendments. (Doc. # 25). Beisel's objections are, in reality, merely an amalgamation of conclusory arguments and expressions of disagreement.

Regarding Beisel's claims that Defendants failed to provide him sufficient medical care, the Amended Complaint does not show how refusing to include narcotic medications as part of Beisel's drug treatment program violates Beisel's constitutional rights. The Court notes Beisel is not a prisoner and Beisel does not allege he has been convicted of any crime. Therefore, Beisel cannot state a claim under the Eighth Amendment, which applies to convicted prisoners. See Andujar v. Rodriguez, 486 F.3d 1199, 1203 n.3 (11th Cir. 2007) ("Claims of deliberate indifference to the serious medical needs of pretrial detainees are governed by the Fourteenth Amendment's Due Process Clause rather than by the Eighth Amendment's Cruel and Unusual Punishment Clause, which governs similar claims by convicted prisoners.").

Beisel asserts the Family Dependency Treatment Court, which makes reunification of parents who have substance abuse problems and their dependent children contingent upon compliance with a treatment program, is "a criminal sanction, punitive probation, and is deemed a 'criminal' branch of court as per the Hillsborough County Clerk of the Circuit Court." (Doc. # 25 at 2; Doc. # 12 at 4-6). Even assuming Beisel's drug court program is part of an ongoing criminal proceeding, Beisel does not allege that he is a pre-trial detainee. Therefore, Beisel also cannot state a claim under the Fourteenth Amendment, which governs the sufficiency of medical treatment for pre-trial detainees. See Carr v. Tatangelo, 156 F. Supp. 2d 1369, 1375 (M.D. Ga. 2001), aff'd, 338 F.3d 1259 (11th Cir. 2003), as amended (Sept. 29, 2003) ("[T]he right to medical care attaches under the Cruel and Unusual Punishment Clause of the Eighth Amendment for convicted prisoners and under the Due Process Clause of the Fourteenth Amendment for pre-trial detainees. However, because Carr was neither a convicted prisoner nor a pre-trial detainee, he has no right to medical care under either of these theories." (internal citations omitted)).

Even if Beisel had been confined as part of the drug court proceedings, the Amended Complaint still fails to state

a claim under the Fourteenth Amendment for deliberate indifference to medical needs. "Eleventh Circuit law is clear: when medical treatment decisions are responsive to an inmate's needs and rooted in professional, medical judgment — even if such decisions are misguided or ineffectual — a claim for deliberate indifference cannot be sustained." Loadholt v. Moore, 844 F. Supp. 2d 1274, 1281 (S.D. Ga. 2012). Here, Beisel was participating in a treatment program that did not allow him to use narcotic medications, but was nevertheless a program addressing his substance abuse problem. Although Beisel asserts Espinosa "depriv[ed] [him] of any medical treatment," the Amended Complaint alleges Espinosa reviewed the medical records provided by two different physicians who treated Beisel, Dr. Diaz and Dr. Repaskey, before telling Beisel he would be in contempt of court for taking narcotics prescribed by Dr. Repaskey. (Doc. # 10 at 2-3). While Beisel would have preferred a program integrating the use of narcotic medications, Espinosa's threatening to sanction Beisel if Beisel took narcotics obtained outside of the program does not qualify as deliberate indifference to Beisel's medical needs. Cf. Fredericks v. Huggins, 711 F.2d 31, 33-34 (4th Cir. 1983)(holding that requiring pre-trial detainees to stop methadone "cold

6

turkey," causing them to suffer withdrawal, is not an unconstitutional violation of their civil rights).

Nor has Beisel sufficiently alleged how he has been discriminated against on the basis of a disability or other protected characteristic. Beisel's disability is his substance abuse problem and he alleges he has been "segregated from other individuals in the 13th Judicial Circuit Court ('drug court'), based on disability or perceived membership in a group or category." (Doc. # 10 at 3). However, the other participants from whom Beisel has been "segregated" are also enrolled in drug court programs because of their dependence on drugs or alcohol. Cf. Thorne v. Hale, No. 1:08CV601 (JCC), 2009 WL 890136, at *8 (E.D. Va. Mar. 26, 2009)("The Drug Court program was set up to help individuals battling addiction. It is difficult to imagine how Thorne could have been treated differently based on a disability that afflicted everyone else in the treatment program. Thorne has failed to state an ADA claim against any defendant."). Beisel does not provide any information regarding how his disability differs from that of other drug court participants who were allowed to take narcotic medications. Nor does he state whether he is otherwise a member of a protected class and is being treated less favorably on that basis.

Beisel has also failed to state a claim for violation of his Fifth Amendment rights. Beisel insists Espinosa retaliated against him for invoking his privilege against self-incrimination when Espinosa asked where Beisel's wife was during a drug court proceeding. In the Amended Complaint, Beisel states he refused to answer Espinosa's question because Espinosa had previously issued a warrant for Beisel's wife's arrest. (Doc. # 10 at 3). But the Fifth Amendment privilege against self-incrimination only extends to an individual being asked to incriminate *himself*; it does not encompass common law marital privileges and attempts to protect a spouse. See In re Grand Jury Proceedings, 664 F.2d 423, 430 (5th Cir. 1981)("[W]e reject Mrs. Vannier's assertion that the marital privilege is coextensive with the constitutional privilege against self-incrimination, and adopt, instead, its narrow application here.").

Additionally, Espinosa has judicial immunity for any claims for damages. "It is firmly settled that judges are absolutely immune from civil liability 'for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly.'" Wahl v. McIver, 773 F.2d 1169, 1172 (11th Cir. 1985)(citation omitted); see also Vincent v. Colonna, No. C.A.04-327 GMS,

2005 WL 2293914, at *1 (D. Del. Sept. 20, 2005)(dismissing, based on judicial immunity, § 1983 claims of a plaintiff in a probation-like drug treatment program who was forbidden from taking prescribed pain medication following an injury).

Nor does Beisel persuasively object to the magistrate's conclusion that Espinosa was not acting in the "clear absence of all jurisdiction" while presiding over Beisel's drug court proceedings. See Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005)(stating judicial immunity does not apply when a judge acts in the "clear absence of all jurisdiction"). Beisel insists Espinosa was acting as "a medical professional as a result of the role he assumed by the act of reviewing plaintiff's medical records, and prescribing treatment, or the lack thereof" and as "an investigator, or detective, as a result of his activities requesting the whereabouts of plaintiff's wife." (Doc. # 25 at 3). But Espinosa's acts all occurred during hearings over which he presided in Beisel's drug court case and which involved Beisel's treatment plan, visitation with his child, and the location of his wife who also appears to be a participant in Family Dependency Treatment Court. Thus, taking the allegations of the Amended Complaint as true, Espinosa was not acting in the clear absence of all jurisdiction.

The Court is equally unpersuaded by Beisel's arguments regarding municipal liability for the City of Tampa and Hillsborough County. In his objection, Beisel argues:

> The City of Tampa and/or Hillsborough County refers to "drug court" instead of "self help court" or the simple word "treatment court" thereby establishing that the City of Tampa and/or Hillsborough County has referred to "drug court" participants as a "class" or "suspect class" which should require an intermediate scrutiny test, and establishes jurisdiction.

(Doc. # 25 at 3). But the Amended Complaint does not allege that the mere existence of a separate drug court program for those with substance abuse issues violates Beisel's constitutional rights and the ADA. Rather, Beisel complains he is "discriminated against by way of not being treated similar to similarly situated participants of the Drug Court program," because some participants are allowed to take narcotics while Beisel was not. (Doc. # 10 at 3).

Additionally, the Amended Complaint does not allege any actions by Hillsborough County or the City of Tampa independent from Espinosa's judicial acts. Beisel appears to have included the City of Tampa and Hillsborough County as Defendants solely because Beisel's drug court proceedings take place in the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. These allegations are

insufficient to establish a violation of any statute by the City and County or to establish a basis for municipal liability under 42 U.S.C. § 1983.

The Court has conducted a careful and complete review of the findings, conclusions, and recommendations, and has reviewed matters of law *de novo.* The Court agrees, notwithstanding Beisel's objection, that the Amended Complaint "fails to allege sufficient facts to show Defendants violated [Beisel's] federal constitutional or statutory rights." (Doc. # 23 at 4). While the Court must construe pro se pleadings liberally, even a liberal reading of the Amended Complaint reveals that Beisel has failed to plausibly state a claim to relief.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff Charles A. Beisel, IV's objection (Doc. # 25) is **OVERRULED.**

(2) The Report and Recommendation (Doc. # 23) is **ACCEPTED** and **ADOPTED.**

(3) The Amended Complaint (Doc. # 10) is **DISMISSED** and the renewed Motion for Leave to Proceed *in forma pauperis* (Doc. # 16-18) is **DENIED AS MOOT.**

(4) The Clerk is directed to terminate any pending motions or deadlines, and thereafter **CLOSE THE CASE.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 15th day of May, 2017.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE